IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT BOSTON,                    )
                                  )
        Petitioner,              )
                                  )
    v.                            )    Civil Action No. 04-51 Erie
                                  )    JUDGE SEAN McLAUGHLIN
JOHN ASHCROFT,                    )
                                  )
        Respondent.              )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**  **RECOMMENDATION**

    It is recommended that the Petition for Writ of Habeas Corpus be granted insofar as Petitioner should be awarded credit against his federal sentence for the time he spent in state custody from the time he was designated to FCI Oxford on November 24, 1999, through April 1, 2003.

**II.**  **REPORT**

    Robert Boston is a federal prisoner who asserts that he was not given propercredit against his federal sentence for time spent in custody. The Government has responded to the petition (Docket #8), and Petitioner has filed a traverse (Docket #13), and two supplements (Docket #s 16 and 17). The petition is now ripe for disposition.

    **1.**  **Procedural history.**

    Petitioner Boston was arrested by Wisconsin state officials on February 2, 1999. No state charges were filed. Instead, federal charges were filed against Boston on February 5, 1999, for

Felon in Possession of a Firearm, 18 U.S.C. §922(g)(1) and 924(e)(1).  Boston was ordered detained by a federal magistrate judge on February 22, 1999 (Docket #10, Exhibit C, ¶2), and he was held in the Waukesha County Jail during the criminal proceedings which followed (Docket #1, ¶3).  Boston pled guilty to the federal charges on April 23, 1999, pursuant to a plea agreement in which he promised to cooperate with the Government (Id., ¶4).  Sentence was not immediately imposed.

While the federal charges were pending, the same weapons possession activity was the basis for the revocation of parole by Wisconsin authorities on May 5, 1999 (Docket #10, Exhibit C, ¶69).  Wisconsin authorities directed that Boston serve 2 years, 1 month and 20 days incarceration for violating his parole from a state sentence originally imposed in 1990 for drug possession (Id., ¶65).  Boston began serving that sentence immediately, and received credit for time served from February 2, 1999.

Boston next appeared in federal court on November 3, 1999, when the United States District Court for the Western District of Wisconsin sentenced him to a period of 162 months incarceration (Id., Exhibit A).  This sentence was reduced to 145 months on May 16, 2002 (Id., Exhibit B).  After the imposition of sentence, Boston was transported from the Waukesha County Jail to a federal facility.  The parties each assert that Boston was designated for assignment to FPC Oxford, located in Wisconsin.  Respondent asserts that this occurred on some unspecified date in December 1999 (Docket #10).  Attached to the petition, however, is an "Individual Custody and Detention Report" from the United States Marshals Service which reflects that Boston was in transit to FPC Oxford on December 6, 1999 (Exhibit to Docket #1).  That same sheet shows a designation date for his move as being November 24, 1999 (Id.).  Thus, while neither party identifies the precise date on which Boston was designated for assignment, that date does appear in the record.  The importance of the date of designation will become apparent later in this report.

Upon arrival at FPC Oxford, officials determined that Boston was under the primary jurisdiction of the State of Wisconsin, and he was returned to Wisconsin custody at that time. Boston remained in a Wisconsin facility until April 1, 2003, when he was paroled to a federal detainer.  All of the time Boston spent in custody from February 2, 1999, through April 1, 2003 has been credited against his Wisconsin state sentence.  At issue in this matter is whether Boston is

2

entitled to credit against his federal sentence for any or all of the same time spent in custody. The Bureau of Prisons has computed Boston's federal sentence as commencing on April 1, 2003, and has refused to give Boston any credit for time served from February 2, 1999, through April 1, 2003.

    **2.    Computing federal sentences.**

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate issues. First, the court must establish when the federal sentence commences; and second, the court must determine the extent to which the petitioner may be entitled to credit for time spent in custody prior to commencement of the sentence. Chambers v. Holland, 920 F.Supp.618, 621 (E.D.Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). This is so since the applicable statute applies different standards to time served after a federal sentence commences, and time served prior to that time. 18 U.S.C. §3585.

The first inquiry, concerning the commencement of the federal sentence, is governed by 18 U.S.C. § 3585(a):

> **(a) Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

Here, the federal sentence "commenced" when Boston, who was already in custody, was "awaiting transportation to" the "official detention facility" where his sentence was to be served. For the reasons that follow, the Court finds that this occurred on November 24, 1999, when Boston was designated to FPC Oxford to serve his federal sentence.

At the time that the federal sentence was imposed, Boston was serving a state court sentence for a parole violation. Boston argues, however, that his designation to begin serving his federal sentence commenced the running of his federal sentence, and that the BOP's decision to return him to state custody does not prevent his federal sentence from running from the time he was designated to a federal penal institution for service of his sentence. In this respect, Boston asserts that the rationale in Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002) is persuasive.

In <u>Weekes</u>, a very similar situation transpired. Weekes was arrested on drug charges by Idaho authorities on April 20, 1994, and charges were filed. He was then taken into federal custody on May 16, 1994, and pending state charges were thereafter dismissed, leaving only the federal charges against Weekes. Weekes was transferred back to state custody on May 25, 1994, to appear for a probation violation proceeding. His state probation was revoked, and his was sentenced to 2 to 5 years imprisonment by the state authorities. Weekes was then returned to federal custody, and he was sentenced to 188 months incarceration on the federal charges. Weekes was designated to begin serving his federal sentence on February 21, 1995, and he was actually received at FCI Lompoc on March 24, 1995. After his arrival at FCI Lompoc, BOP staff determined that Weekes' federal sentence was intended to be served consecutively to his state sentence. Thus, Weekes was transferred from his designated federal institution to state custody. This occurred on April 20, 1995. Weekes was released by the state and given back into federal custody on April 18, 1999. In calculating Weekes' federal sentence, the BOP did not give Weekes credit for any of the time spent in state custody.

The Court of Appeals for the Tenth Circuit determined that Weekes' federal sentence "commenced," and then continued to run, with his designation for assignment to FCI Lompoc on February 21, 1995, since the federal authorities had primary custody over Weekes at the time the federal sentence was imposed. Key to the court's conclusion was the fact that Weekes was not obtained from the state on a writ of habeas corpus *ad prosequendum*, and that the state courts had dismissed the new charges in favor of federal charges. The fact that Weekes was thereafter transferred to state custody had no effect on the running of the federal sentence, since that sentence had already commenced running prior to the transfer.

In this case, the same result applies. Wisconsin authorities never filed criminal charges against Boston for the events occurring on February 2, 1999. Federal charges were, however, immediately filed. Also, as was the case in <u>Weekes</u>, state authorities imposed a probation violation sentence which the petitioner began to serve before the federal sentence was imposed. A further consistency is that the government did not establish that Weekes had been obtained from Idaho on a temporary basis, and there is likewise no indication here that Boston was obtained from

4

Wisconsin on a temporary basis. Indeed, Boston was designated to begin serving his federal sentence, and did begin to serve it, prior to his transfer back to state custody.

In short, this case is on all fours with <u>Weekes</u>. Thus, the BOP's belated decision in December, 1999, to send Boston back to state custody does not change the fact that, under §3585(a), Boston's federal sentence "commenced" when he was designated for assignment to FPC Oxford (i.e., when he was "received in custody awaiting transportation to" FPC Oxford). Accordingly, Boston is entitled to post-sentence credit for all time spent in state custody after his designation to FPC Oxford on November 24, 1999.

The Court has, then, determined when Boston's federal sentence commenced, thereby deciding the issue of credit for time served after the imposition of the federal sentence. Boston also argues, however, that he is entitled to pre-sentence credit. Specifically, Boston argues that he is entitled to credit against his federal sentence for time spent in custody from the date of his arrest to the time he was designated to FPC Oxford (February 2, 1999 through November 24, 1999). Again, the provisions of 18 U.S.C. §3585 govern, this time §3585(b):

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **That has not been credited against another sentence.**

18 U.S.C. § 3585 (emphasis added). Here, the Government has presented evidence that Boston received credit against the sentence imposed by the State of Wisconsin for all time spent in custody from February 2, 1999, through his designation to FPC Oxford on November 24, 1999. Therefore, Boston is not entitled to credit against his federal sentence for this period since he has already been given credit against another sentence.

    **3.**    **Certificate of Appealability.**

A certificate of appealability may be granted to a habeas petitioner who makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). This requirement, however, is not applicable to §2241 petitions. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. §2253(c)(1)(B).

## CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus be granted insofar as Petitioner should be awarded credit against his federal sentence for the time he spent in state custody from November 24, 1999, through April 1, 2003.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

        /s/ Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        UNITED STATES MAGISTRATE JUDGE

Dated: July 26, 2005

Case 1:04-cv-00051-SJM-SPB     Document 18     Filed 07/27/2005     Page 7 of 7