IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT BOSTON, | ) |
| | ) |
|     Petitioner, | ) |
| | )  Civ. Action No. 04-51 (Erie) |
| vs. | ) |
| | )  Judge Sean J. McLaughlin |
| JOHN ASHCROFT, | )  Magistrate Judge Susan Paradise Baxter |
| | ) |
|     Respondent. | )  filed electronically |

### RESPONDENT'S OBJECTIONS TO REPORT AND RECOMMENDATION

AND NOW, comes Respondent, by his attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christy Wiegand, Assistant U.S. Attorney for said district, and respectfully files the following Objections to the Report and Recommendation ("R & R").

### INTRODUCTION

Petitioner, Robert Boston ("Petitioner"), filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("the Petition"), challenging his sentence calculation. On July 26, 2005, Magistrate Judge Baxter recommended that the Court grant the Petition, and that Petitioner's federal sentence be deemed to have commenced from the time Petitioner was mistakenly designated to the Federal Correctional Institution in Oxford, Wisconsin ("FCI Oxford"). Respondent respectfully submits that this relief is not warranted because (1) the Bureau of Prisons has the inherent authority to correct its own mistakes and (2) the proposed relief is directly contrary to the express order of the federal sentencing judge, who dictated that Petitioner's federal sentence should be consecutive to his state sentence for parole violations.

## ARGUMENT

### 1. The Bureau of Prisons has the authority to rescind an erroneous designation of a prisoner.

On November 3, 1999, Petitioner was ordered by the District Court for the Eastern District of Wisconsin to serve a 162-month sentence of incarceration consecutive to the state parole violation sentences Petitioner was then serving. After Petitioner was sentenced in federal court, the Bureau of Prisons ("BOP") erroneously designated him to FCI Oxford. Officials at FCI Oxford immediately noted the primary jurisdiction over Petitioner remained with the state, and contacted state authorities, who agreed that the Petitioner should be returned to them for completion of service of his state sentence.

An administrative agency has the inherent authority to reconsider decisions or to correct mistakes so long as it is accomplished timely. Isle Royale Boaters Ass'n v. Norton, 330 F.3d 777, 786 (6th Cir. 2003); Alto Dairy v. Veneman, 336 F.3d 560 (7th Cir. 2003); Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, AFL-CIO, CLC, Local 182B v. Excelsior Foundry Co., 56 F.3d 844, 847 (7th Cir. 1995); Dun & Bradstreet Corp., Foundation, v. U.S. Postal Service, 946 F.2d 189, 193-194 (2nd Cir. 1991)(agency may reconsider its decisions only if it does so within reasonable time period); Gipson v. Young, No. 85-9158, 1986 WL 16497 (6th Cir. Feb. 6, 1986) (error did not transform a state prisoner into a federal prisoner). In the instant matter, the erroneous designation was discovered promptly. Petitioner was sentenced in federal court on November 3, 1999, and on November 24, 1999, a request was made to designate Petitioner to a federal prison. On December 6, 1999, Petitioner arrived at FCI Oxford. Just three days later, on December 9, 1999, prison staff determined that Petitioner was still under the primary custodial jurisdiction of the state

of Wisconsin, and arrangements were immediately made to return Petitioner to state custody. The reconsideration of the agency's decision occurred within a reasonable time frame. It was appropriate for BOP to rescind the erroneous designation to a federal prison, and to return Petitioner to the state for service of his state sentence.

BOP recognizes that 18 U.S.C. § 3585(a) provides that the federal sentence "commences on the date the defendant is received in custody . . . to commence service of sentence at, the official detention facility at which the sentence is to be served." If the state were not the primary custodian, then the federal sentence would have commenced on the date the federal sentence was imposed. In this case, Petitioner's arrival at a mistakenly-designated federal institution should not force BOP into the situation of computing Petitioner's federal sentence concurrently, in contravention of the sentencing court's express intent. It is recognized that "[e]very tribunal, judicial or administrative, has some power to correct its own errors or otherwise appropriately to modify its judgment, decree or error." Alberta Gas Chemicals v. Celanese Corporation, 650 F.2d 9, 12 (2d Cir. 1981), citing 2 K. Davis, Administrative Law Treatise § 1809 at 606 (1958). The Court of Claims has noted, "it is often the case that reconsideration of a prior decision, within a reasonable period of time, is absolutely essential to the even administration of justice . . . More frequently, reconsideration is often the sole means of correcting errors of procedure or substance." Bookman v. United States, 453 F.2d 1263, 1265 (Ct.Cl. 1972); see also United States v. Sioux Tribe, 616 F.2d 485, 493 (Ct.Cl.), cert. denied, 101 S.Ct. 2716, (1980). The Second Circuit has explained that "an agency does have an obligation to make corrections when it has been relying on erroneous factual assumptions." Greene County Planning Board v. Federal Power Commission, 559 F.2d 1227 (2d Cir. 1976), cert. denied, 98 S.Ct. 1280 (1978).

Because an administrative agency has inherent authority to reconsider decisions or to correct mistakes, it was appropriate for BOP to rescind Petitioner's erroneous designation to a federal prison, and to return him to the state to complete service of his state sentence. Any time served during this erroneous designation was applied, properly, to Petitioner's state sentence. Petitioner's federal sentence should not be considered to have commenced until the state ultimately relinquished its primary jurisdiction over Petitioner on April 1, 2003.

> **2.    A determination that Petitioner is entitled to credit against his federal sentence for time spent in state custody is erroneous, because it results in Petitioner's federal and state sentences running concurrently, in contravention of the stated intent of the federal sentencing court.**

On February 2, 1999, petitioner was arrested by the state of Wisconsin for gun charges. At the time, he was on parole for three separate state convictions. On February 5, 1999, a criminal complaint was issued out of the United States District Court for the Eastern District of Wisconsin, charging Petitioner with federal violations of 18 U.S.C. § 922(g) and 18 U.S.C. § 924(e)(1). On May 5, 1999, based upon these federal charges, Petitioner was found to have violated all three state parole sentences, which were then revoked. As a result of these parole violations, Petitioner was ordered to serve a total of four years, ten months and twenty-six days, and was returned to the county jail.[1] On November 3, 1999, six months after he was sentenced in state court, Petitioner was sentenced in federal court for his conviction of 18 U.S.C. §922(g), as amended, on May 16, 2002. The sentencing court expressly ordered that Petitioner's federal sentence was to run consecutive to the

---

[1] The State of Wisconsin has, indeed, credited Petitioner for all time spent from February 2, 1999, to the date of his release, April 1, 2003. See Declaration of Penny Lundgren, attached to Response to Petition for Writ of Habeas Corpus ("Response").

state parole violation sentences.[2]

The intent of the federal sentencing judge should control in this situation. The federal sentencing court is given the authority to order a federal sentence to run concurrent or consecutive to an existing sentence. 18 U.S.C. § 3584(a). Even if the state court had ordered that Petitioner's state sentence was to run concurrent with Petitioner's federal sentence, the intent of the federal sentencing court would still control, and the sentences would run consecutively. Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001); Jake v. Herschberger, 173 F.3d 1059, 1067 (7th Cir. 1999)(state's court ordering a concurrent sentence created no obligation on the Attorney General); U.S. v. Yates, 58 F.3d 542, 549 (10th Cir. 1995)(state sentencing court's order for sentence to run concurrent with any federal sentence did not compel federal judge to order a concurrent sentence); Pinaud v. James, 851 F.2d 27, 31 (2d Cir. 1988) (the federal court is not obligated to comply with terms of a state plea agreement); Opela v. United States, 415 F.2d 231, 232 (5th Cir. 1969).

Weekes v. Fleming, 301 F.3d 1175 (10th Cir. 2002), which is cited by Petitioner in support of his argument that his federal sentence should not have been interrupted to facilitate completion of his state sentence, and that he is thus entitled to credit for that time spent in state custody, is not controlling in this matter, and should not override the intent of the federal sentencing court. Rather, this Court should look to the Fifth Circuit's decision in Free v. Miles, 333 F.3d 550 (5th Cir. 2003). In Free, the Petitioner, who had been serving a state sentence, was subsequently sentenced in federal court, and was immediately transferred to a federal facility. Some six months later, BOP officials realized their mistake: Free should have been returned to the Texas Department of Corrections to

---

[2] The sentencing court reaffirmed its intent in 2002, when it amended Petitioner's judgment and commitment, and again specified that Petitioner's newly-amended sentence was to run consecutive to his state sentence. See Exhibit B to Response.

complete his state sentence before starting to serve his federal sentence. Free was returned to state custody, and, following completion of his state sentence, was transferred to federal custody to complete his federal sentence. Free then filed a habeas corpus petition, arguing that because he had "commenced" his sentence on the date he was originally – and erroneously – delivered to the federal facility, he should be credited with all time served after that date, including the two years he had spent in state prison. Free's argument, like that of Petitioner in the instant matter and the appellant in Weekes, was based upon a common law rule: that a prisoner is entitled to credit for time served when he is incarcerated discontinuously through no fault of his own. Id. at 554.

In analyzing Free's claim, the court noted the paucity of law which specifically addressed the situation of a state prisoner who served a portion of a subsequent federal sentence, by error, before being returned to state authorities. The Fifth Circuit ultimately rejected Free's argument that he was entitled to an uninterrupted federal sentence, finding that the policy underlying the common law rule did not support its application in a case such as Free's, as the rule's "sole purpose is to prevent the government from abusing its coercive power to imprison a person by artificially extending the duration of his sentence through releases and incarcerations." Id. The court stated:

> It is apparent from the record that Free's *total* time of incarceration in both federal and state prisons has *not* been – and will not be – increased by even a single day as a result of his mistakenly serving the first six months of his federal sentence prior to completing the service of his state sentence. . . . Free is serving the correct total time of his *consecutive* state and federal sentences. That he will have done so in two shifts between sovereigns rather than one is of no moment.
>
> The rule against piecemeal incarceration precludes the government from artificially extending the expiration date of a prison sentence; the rule does not, however, justify or mandate that a prisoner receive a "get out of jail early" card any time that such a minuet occurs, even when the prisoner is not at fault.

Id. at 555 (emphasis in the original).  The Court of Appeals for the Seventh Circuit held likewise in Cox v. United States, 551 F.2d 1096 (7th Cir. 1977), in which a prisoner began serving a federal sentence, but was returned to state officials when his state appeal failed:

> [i]nsofar as interruption of plaintiff's federal sentence postponed the date on which he would ultimately complete his imprisonment, it was entirely consistent with the consecutive nature of the sentence imposed . . . .  The fact that plaintiff's state sentence had been suspended pending the outcome of his collateral attack may not serve to defeat the federal trial judge's power to impose a consecutive sentence.  We therefore hold that a plaintiff's interrupted federal sentence did not constitute punishment by installments in violation of the common law rule.

Id. at 1099; see also, Sanders v. Keohane, 877 F.2d 62 (6th Cir. 1989) (unpublished) (holding that petitioner's habeas petition was properly dismissed, as an interruption in his federal sentence to resume a state sentence did not constitute a retroactive enhancement of the sentence, but was consistent with consecutive sentences).

Even though Petitioner was erroneously designated after his November 3, 1999 sentencing, staff at FCI Oxford promptly detected the error and corrected it immediately by returning Petitioner to the state of Wisconsin.  Petitioner has not been prejudiced by this error, for his state sentence was not interrupted, and his federal sentence "will not be increased by even a single day." Free, 333 F.3d at 555.  Instead, Petitioner will serve exactly as much as time as was imposed under his federal and state sentences, and those sentences will run consecutively, in accordance with the wishes of the federal sentencing court.  To apply Weekes and grant the Petition would result in concurrent sentences, and would effectively give Petitioner a "get out of jail early" card, see Free, 333 F.3d at 555, for over three years and four months of sentencing time.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Respondent objects to the Report and Recommendation, and respectfully requests that the Petition be denied.

    Respectfully submitted,

    MARY BETH BUCHANAN
    United States Attorney


    s/   Christy Wiegand
    CHRISTY WIEGAND
    Assistant U.S. Attorney
    U.S. Courthouse and Post Office
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 644-3500

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this date a copy of the within *Respondent's Objections to Report and Recommendation,* by mail or electronic filing, upon the following:

> Robert Boston
> Reg. No. 05505-089
> FCI McKean
> P.O. Box 8000
> Bradford, PA 16701

        s/ Christy Wiegand
CHRISTY WIEGAND
Assistant United States Attorney

Date:   August 11, 2005