IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT BOSTON,

    PETITIONER,

V.                                          Case No. 04-51 Erie
                                                  (Judge Sean McLaughlin)

John Ashcroft,

    Respondent.    /

**REPLY TO RESPONDENT'S OBJECTION TO
MAGISTRATE'S REPORT AND RECOMMENCATION**

       The following is a reply to the government's objections to Magistrate's Report and Recommendation, dated 7/26/05. Initially petitioner requests that the Court <u>not</u> consider the government's objections to the Magistrate's report since the objections were not filed by 8/10/05 pursuant to Magistrate Judge Susan Paradise Baxter's Order. The government's objections were filed on 8/11/05 and should be time barred since in the government's objections, there is no claim of excusable fault for the untimely filing.

       Assuming the Court does consider the government's objections, the Government's reliance on <u>Free v. Miles</u>, 333 F.3d 550 (1st Cir.2003) is misplaced. As Magistrate Judge Baxter stated on page four (4) of her Report and Recommendation:

> "Key to the court's conclusion was the fact that Weekes was not obtained from the state on a writ of habeas corpus ad prosequendum, and that the state courts had dismissed the new charges in favor of federal charges. The fact that Weekes was thereafter transferred to state custody had no effect on the running of the federal sentence, since that sentence had already commenced running prior to the transfer."

In Free, supra, the petitioner was already in state custody serving a state sentence when he was transferred to federal custody on a writ of habeas corpus ad prosequendum.

Clearly the facts are distinguishable. In Free, the petitioner was in primary custody of the state, in Weekes, just as petitioner herein, that was not the case. The fact that Weekes and petitioner were transferred to state custody had no effect on the running of their federal sentences.

The government also cites Cox v. U.S., 551 F.2d 1096 (5th Cir.1977), which is easily distinguishable. The facts in Cox are nowhere similar to petitioner's. Cox was serving a five-year sentence on a state conviction, was released on bond pending his collateral attack of that state conviction. While on bond, he was arrested for federal charges, sentenced to 20-years in federal court, and began his sentence in Leavenworth, Kansas. His collateral attack was denied and he was returned to state custody to complete his state sentence. Clearly, Cox had state charges pending at the time of his federal arrest. The state had primary custody.

Both Free and Cox are factually distinguishable from petitioner's case. As stated by Magistrate Judge Baxter, petitioner's case "is on all fours" with Weekes.

Wherefore, petitioner requests that the Court accept the Report and Recommendation of the Magistrate Judge.

Respectfully submitted,

*Robert Boston*
Robert Boston, pro se

## Certificate of Service

I hereby certify that I have served, on this 17th day of August, 2005, via U.S. Mail by deposit in the institution's "Legal Mail" box, a copy of Petitioner's Reply to:

>Christy Wiegand
>Assitant U.S. Attorney
>U.S. Courthouse & Post Office
>700 Grant Street, Suite 4000
>Pittsburg, PA  15219

>Respectfully submitted,
>
>*Robert Boston*
>Robert Boston, pro se
>Reg.No. 05505-089
>F.C.I. McKean
>P.O. Box 8000
>Bradford, PA  16701